COMPUTERIZED STORE SYSTEMS, INC., Plaintiff-counter-defendant—Appellee,

v.

COMPAQ COMPUTER CORP, Defendant-counter-claimant—Appellant.

No. 03–16369.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2005.

Decided Feb. 22, 2005.

Scott E. Boehm, Esq., Copple Boehm & Murphy, Phoenix, AZ, for Plaintiff–Counter–Defendant–Appellee.

Patrick T. Weston, Esq., James G. Snell, Bingham McCutchen LLP, East Palo Alto, CA, for Defendant–Counter–Claimant–Appellant.

Before: THOMAS, GRABER, and PAEZ, Circuit Judges.

MEMORANDUM *

Compaq Computer Corporation ("Compaq") appeals the district court's judgment denying its renewed Motion for Judgment as Matter of Law ("JMOL") and granting prejudgment interest to Computerized Store Systems, Inc., d/b/a Convenient Automation ("Convenient"), following a jury's verdict awarding Convenient $3,245,000 in compensatory damages and $2 million in

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

punitive damages. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

I

Compaq concedes liability for purposes of this appeal, but asserts that the jury's damage verdict was not supported by substantial evidence. We apply an extremely deferential standard of review to challenges to the sufficiency of evidence to support a verdict. *Pavao v. Pagay,* 307 F.3d 915, 918 (9th Cir.2002). We will uphold a jury's verdict if it is supported by "substantial evidence." *Id.* Substantial evidence is evidence adequate to support the jury's conclusion, even if it is possible to draw a contrary conclusion from the same evidence. *Id.* Thus, to reverse the district court's denial of Compaq's motion for JMOL, we would have to find that the evidence, construed in the light most favorable to Convenient, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict. *See id.*

The district court instructed the jury that the amount of any damages awarded to Convenient "should be the amount actually and reasonably expended in reliance upon" any misrepresentations made by Compaq. The jury returned a verdict finding Compaq liable and awarding Convenient compensatory damages in the amount of $3,245,000, the exact amount raised by Convenient in private financing.

■ A close review of the evidence reveals that there was sufficient evidence to support the jury's compensatory damage award under our deferential standard of review. The testimony of Convenient's officers supports Convenient's theory that Convenient raised $3,245,000 in reliance on Compaq's misrepresentations and that all Convenient's expenditures of such funds were essentially made in reliance on the future success of the Compaq contract. Although Compaq raises very plausible alternative interpretations of the evidence, the evidence tendered by Convenient was sufficient for a reasonable juror to conclude that Compaq had damaged Convenient in the amount awarded by the jury. Viewing all inferences in the light most favorable to Convenient, substantial evidence supports the jury's verdict.

II

Compaq also argues that the district court erred in granting prejudgment interest to Convenient because Convenient's damages were not liquidated and because Convenient did not make a sufficient demand. The grant or denial of prejudgment interest is reviewed for an abuse of discretion. *Citicorp Real Estate, Inc. v. Smith,* 155 F.3d 1097, 1107 (9th Cir.1998). Under Arizona law, prejudgment interest can be awarded only if damages are liquidated. *Schade v. Diethrich,* 158 Ariz. 1, 760 P.2d 1050, 1063 (1988). Damages are "liquidated" when the amount can be determined "with exactness, without reliance upon opinion or discretion." *Id.* (internal quotation marks omitted). Prejudgment interest is appropriate only when damages can be determined with reasonable certainty before judgment. *Rawlings v. Apodaca,* 151 Ariz. 180, 726 P.2d 596, 601 (Ct. App.1985), *vacated in part on other grounds,* 151 Ariz. 149, 726 P.2d 565 (1986). Interest does not begin to accrue until the defendant has received a demand sufficient for it to ascertain the amount owed. *Id.* at 602.

■ Substantial evidence supported the jury's decision to use the easily ascertainable figure of the amount earned by Convenient in the private stock sales as the appropriate measure of damages. Be-

cause this figure is readily determinable and requires no resort to opinion or discretion, the damages meet the "reasonable certainty" requirement, and the district court did not abuse its discretion in finding the damages to be liquidated. Convenient satisfied the demand requirement by introducing into evidence a letter from a Compaq vice-president acknowledging that Convenient intended to hold Compaq responsible for $3.245 million in debt. The district court did not abuse its discretion in granting prejudgment interest.

### III

Compaq also asserts that substantial evidence did not support the jury's award of punitive damages. An award of punitive damages is reviewed for an abuse of discretion. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir.2002). Sufficiency of the evidence to support a jury award of punitive damages is reviewed for substantial evidence. *Id.* at 907.

The jury was properly instructed that, under Arizona law, a plaintiff seeking to recover punitive damages must prove the underlying claim (i.e., actual damages) and must show, by clear and convincing evidence, "that defendant acted with an evil mind." An "evil mind" exists "where defendant intended to injure the plaintiff" or "where ... defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others." *Rawlings v. Apodaca*, 151 Ariz. 149, 726 P.2d 565, 578 (1986).

Substantial evidence supported the jury's finding of actual damages. Similarly, the evidence described above supports the jury's finding that Compaq "consciously pursued a course of conduct knowing it created a substantial risk of significant harm" to Convenient. Substantial evidence supports the jury's award of punitive damages.

AFFIRMED.